UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NEW YORK PIZZERIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-335 |
| | § | |
| RAVINDER SYAL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

New York Pizzeria, Inc. (NYPI) filed this suit alleging that former employee, Adrian Hembree, conspired with others to steal secret recipes and other proprietary information so they could open a competing pizza chain. Hembree filed a counterclaim asserting that by filing this suit, NYPI breached the terms of the First Settlement Agreement—a contract that, among other things, provided that each party would release the other from "liabilities of any kind or nature whatsoever, at law and in equity, whether known or unknown, . . . foreseen or unforeseen." Docket Entry No. 39-1 at 4–5. Hembree contends he is entitled to summary judgment on his breach of contract counterclaim and seeks both attorney's fees and reputational damages. NYPI responds that (1) Hembree failed to present competent summary judgment evidence; (2) the First Settlement Agreement is ambiguous therefore precluding summary judgment; or, in the alternative (3) the First Settlement Agreement is not ambiguous and does not

1

release Hembree from his duty to not disclosure trade secrets. For the reasons discussed below, this Court finds that NYPI breached the terms of the First Settlement Agreement by filing this suit, Hembree's motion for summary judgment is GRANTED.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Hembree claims NYPI breached the terms of the First Settlement Agreement by filing this suit. To establish that NYPI breached the agreement Hembree must show that there was a valid contract; the plaintiff performed or tendered performance; that the defendant breached the contract; and that the plaintiff was damaged as a result of the breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).

This Court has already found that the First Settlement Agreement was valid and released Hembree from all future claims when dismissing NYPI's claims against Hembree. *New York Pizzeria, Inc. v. Syal*, 53 F. Supp. 3d 962, 965–66 (S.D. Tex. 2014). The agreement, in relevant part, states:

> NYPI . . . hereby irrevocably and unconditionally waives, releases, and forever discharges HEMBREE . . . from any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, cause of action [sic], obligations and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, foreseen or unforeseen, apparent or concealed . . . which NYPI now or in the future may have or claim to have against HEMBREE.

2

Docket Entry no. 36-1 at 4–5.  This Court found that while "general categorical release clauses are narrowly construed, the one at issue here uses exceptionally broad language.  *New York Pizzeria, Inc.*, 53 F. Supp 3d at 966 (citing *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991)).  And this Court dismissed the claims against Hembree "because the first settlement agreement categorically released Hembree from liability to NYPI for past and future claims." *Id.*

By filing this second suit, NYPI breached the terms of the agreement.  If a party pursues a claim that it has previously waived or released, or agreed not to pursue, then the party has breached the agreement containing the waiver or release. *White v. Grinfas*, 809 F.2d 1157, 1160 (5th Cir.1987) ("As a matter of Texas law, in the absence of fraud, settlement agreements and releases are a complete bar to any later action based on matters included therein.");  *see Array Holdings Inc. v. Safoco, Inc.*, No. CIV.A. H-12-366, 2013 WL 2617965, at *6 (S.D. Tex. June 11, 2013) (granting summary judgment on defendant's breach of contract counterclaim when plaintiffs violated terms of a "release" clause in a valid settlement agreement by filing suit).

3

Hembree's motion for summary judgment (Docket Entry No. 39) is GRANTED. Trial on damages is set for February 16.

**SIGNED** this 26th day of January, 2016.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation